7209

## NORTON v. COLUMBIA STREET RY., LIGHT AND POWER CO.

1. CONTRIBUTORY NEGLIGENCE.—Is it proper to instruct jury that if defendant plead contributory negligence, he thereby admits his own negligence?

2. IBID.—It is not error to omit to charge that the doctrine of contributory negligence as charged does not apply to a wilful tort where the charge correctly states the general proposition of law, no request to so charge is made in the usual form or after appellant's attorney is invited to indicate such propositions as he thought the court had omitted.

3. CARRIER—PASSENGER—STREET RAILWAY—NEGLIGENCE.—It is negligence in a passenger to step off a street car while in motion without

notice of intention to alight when the circumstances are such as to make the danger obvious to a person of ordinary prudence and sense.

4. IBID.—IBID.—IBID.—When the complaint practically alleges that a passenger attempting to alight from a car while standing still and while so alighting it suddenly and without warning moved, it is not error for the Court to instruct the jury that they must be satisfied of these facts by the preponderance of the evidence before they can find for plaintiff.

Before DANTZLER, J., Richland, July term, 1907. Affirmed.

Action by Mary E. Norton and Albert Norton against Columbia Electric Street Railway, Light and Power Company. From judgment for defendant, plaintiff appeals.

*Messrs. Logan & Edmunds,* for appellant, cite: *Contributory negligence is no defense to a wilful tort:* 23 S. C., 531; 61 S. C., 484; 64 S. C., 491; 73 S. C., 467; 78 S. C., 537. *How issue of no wilfulness is raised:* Rule 77, C. C.; 36 S. C., 585; 75 S. C., 290; 72 S. C., 411; 78 S. C., 537; 79 S. C., 150. *There was evidence of wilfulness:* 27 S. C., 233; 60 S. C., 57; 75 S. C., 312. *Variation between proof and allegation not material is admissible:* 3 S. C., 401; 6 S. C., 130; 17 S. C., 589.

*Messrs. Barron, Moore & Barron,* contra, cite: *Failure to repeat in charge a point covered is not error:* 72 S. C., 412; 73 S. C., 468.

June 8, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. This is an action for damages alleged to have been sustained by the plaintiff, Mary E. Norton, through the negligence and wilfulness of the defendant.

The allegations of the complaint material to the questions involved are as follows: "That on or about the 17th day of May, 1906, at about 7 o'clock in the evening, the plaintiff, Mary E. Norton, having been received by the defendant as a passenger on one of its cars going north on Main street, endeavored to alight therefrom, said car being at said time standing still at or near the Transfer station on Main street, at the corner of Gervais street, having stopped at said place for the purpose of taking on and letting off passengers, as these plaintiffs are informed and believe, and while alighting therefrom the defendant negligently, carelessly, wilfully, wantonly and recklessly caused the same to be suddenly and without warning started forward, thereby throwing the plaintiff, Mary E. Norton, violently from said car to and upon the ground."

The defendant denied the allegations of the complaint, and set up the defense of contributory negligence.

The jury rendered a verdict in favor of the defendant, and the plaintiffs appealed.

The plaintiffs requested his Honor, the presiding Judge, to charge that "when a party sets up contributory negligence on the part of the plaintiff, it admits negligence on its own part." In refusing the request he said: "If the jury conclude that the negligence of the plaintiff combined and concurred with the negligence of the defendant, and contributed to the injury as a proximate and immediate cause of it, of course, then, the plaintiff could not recover, if the jury so conclude."

The appellant assigns error on the part of his Honor, the presiding Judge, "in so charging, and not instructing the jury, in any part of the charge, that the doctrine of contributory negligence, as laid down therein, had no application to a wilful, wanton or reckless act."

The exception can not be sustained for the following reasons:

(1) The charge stated correctly a general proposition of law.

(2) The Circuit Judge was not requested to charge the proposition for which the appellant contends.

(3) At the close of the general charge the presiding Judge said: "Now, Mr. Edmunds, you can select such proposition as you wish that I have not covered by my general remarks;" and, although Mr. Edmunds called to his attention several propositions of law, he did not mention the one in question.

These views dispose of the first, second and third exceptions.

The next assignment of error is: "Because his Honor erred, it is respectfully submitted, in response to defendant's second request to charge, which was as follows: 'It is negligence on the part of a passenger on a street car to step off of a car while in motion without giving notice of intention to alight therefrom, and this being established the plaintiff can not recover,' in charging: 'I can not charge you that, Mr. Foreman, and gentlemen of the jury, in the phraseology of the request. Now, when the circumstances are such as to make the danger of alighting obvious to a person of ordinary prudence and sense, then, under those circumstances, the plaintiff could not recover.'" The statement of the law by the presiding Judge was correct it itself, as well as when considered in connection with the entire charge.

The last assignment of error is: "In charging the jury as follows: (Reads third request of defendant) 'Before the plaintiffs can recover in this action the jury must be satisfied by the preponderance of the testimony, its greater weight, that the plaintiff attempted to alight from the car while it was standing still, and that while she was attempting to alight from a standing car it suddenly, and without warning, started forward and she was thrown from the car, whereby she was injured.' That is practically

the allegation of the complaint; the complaint being 'that on or about the 17th day of May, 1906, about 7 o'clock in the evening, the plaintiff, etc.'" The facts upon which the request was based are practically set out in the complaint, and were sustained by the testimony of the plaintiff, Mary E. Norton, when examined as a witness. The ruling of the presiding Judge simply meant that it was necessary for the plaintiff to prove the allegations of the complaint before she could recover, and in this we see no error.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.